CONCURRING IN PART
HELENE N. WHITE, Circuit Judge,
concurring in part.
I agree with Judge Sutton that if the district court correctly determined that the state had already granted the relief sought — compliance with the Medicaid statute as to all putative class members, subject to a de minimis error rate — then the court correctly dismissed plaintiffs’ er *294 roneous-assignment claims as moot. On this record, however, there is a genuine dispute whether that class-wide relief had been granted.
Defendant attributes any ongoing erroneous assignments of emergency-services-only Medicaid (ESO) to human error. But plaintiffs produced an email showing that even after the state implemented a permanent fix to its computer system, the system “flipped” multiple applicants who were eligible for full Medicaid to ESO coverage, and did so despite human attempts to correct the misassignment. Def. Emails, R. 70-14, PID 1997. I also agree with Judge Sutton that the possibility of future mistakes is not enough to avoid mootness. Here, however, the record sufficiently suggests an existing and continuing problem in the state’s computer system. This contrasts with occasional human error consisting of one-off mistakes, which must be expected in any large, complicated government program. The state cannot be expected to operate its Medicaid enrollment process flawlessly, but it can be expected to cure continuing problems, such as its system erroneously “flipping” applicants from full Medicaid to ESO coverage. Plaintiffs thus established a genuine dispute of material fact regarding whether the state had complied with the Medicaid statute and had granted the plaintiff class complete relief. For this reason, I join in Judge Moore’s “inherently transitory” analysis. See Lead Op. at 286-88.
I do not, however, join in Part II.B.1, which concludes that the “picking off’ exception also applies. I am not convinced the record establishes that exception, and find it unnecessary to reach the issue given that the “inherently transitory” exception applies.
I concur in the remainder of Judge Moore’s opinion for the reasons stated therein.